IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JANE DOE, INDIVIDUALLY, AND AS NEXT FRIEND OF MINOR, JANE DOE 1 | § § § § | |
| v. | § § | CIVIL ACTION NO. 1:21-CV-00132 JUDGE MICHAEL J. TRUNCALE |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT AND BRANDON LOUIS CHILLOW | § § § § | |
| JANE DOE AND JOHN DOE, INDIVIDUALLY, AND AS NEXT FRIENDS OF JANE DOE I, A MINOR, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO.  1:21-CV-00190 JUDGE MICHAEL J. TRUNCALE |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT AND BRANDON LOUIS, CHILLOW, INDIVIDUALLY AND AS AN EMPLOYEE OF BEAUMONT INDEPENDENT SCHOOL DISTRICT | § § § § § § | |
| *Defendants*. | § § | |

## FINAL JUDGMENT

Before the Court is Plaintiffs Jane Doe 1[1] and Jane Doe 2[2]'s Motion to Enter Final Judgment

Against Defendant Beaumont Independent School District ("BISD").[3] [Dkt. 306]. BISD is unopposed

to the motion. [Dkt. 307 at 2]. After considering the Plaintiffs' motion and reviewing the pleadings on

file, the Court **GRANTS** the same.

It is hereby **ORDERED, ADJUDGED** and **DECREED** that:

---

[1] Plaintiff in Cause No. 1:21-cv-00132.

[2] Plaintiff in Cause No. 1:21-cv-00190.

[3] Cause Nos. 1:21cv132 and 1:21cv190 were consolidated for trial.

Regarding Plaintiff Jane Doe 1 in Cause No. 1:21-cv-00132, Plaintiff recover Judgment against BISD as follows:

1.   Jane Doe 1 suffered sexual harassment and abuse from her teacher, Defendant Brandon Chillow, on account of a BISD policy or custom of being deliberately indifferent to reports of sexual harassment, or an obvious risk of sexual harassment, in violation of Title IX;

2.   BISD's Board of Trustees maintained such a policy or custom of deliberate indifference to reports of sexual harassment by employees towards students, or an obvious risk of sexual harassment by employees toward students;

3.   BISD's policy or custom created a heightened risk of sexual harassment by employees toward students that was actually known by BISD's policymaking authority – the BISD Board of Trustees;

4.   The heightened risk of sexual harassment by employees toward students existed in a context that was subject to substantial control by BISD's Board of Trustees; and

5.   As a result of BISD's violation of Title IX, Jane Doe 1 is awarded Judgment against BISD for nominal damages in the amount of $750,000.00, plus attorney fees under 42 U.S.C. 1988 and other costs, plus prejudgment interest at a rate of 4.02% in the amount of $124,812.74, plus post-judgment interest to accrue at 4.02%.

Regarding Plaintiff Jane Doe 2 in Cause No. 1:21-cv-00190, Plaintiff recover Judgment against BISD as follows:

1.   Jane Doe 2 suffered sexual harassment and abuse from her teacher, Defendant Brandon Chillow, on account of a BISD policy or custom of being deliberately indifferent to reports of sexual harassment, or an obvious risk of sexual harassment, in violation of Title IX;

2.   BISD's Board of Trustees maintained such a policy or custom of deliberate indifference to reports of sexual harassment by employees towards students, or an obvious risk of sexual harassment by employees toward students;

3.   BISD's policy or custom created a heightened risk of sexual harassment by employees toward students that was actually known by BISD's policymaking authority – the BISD Board of Trustees;

4.   The heightened risk of sexual harassment by employees toward students existed in a context that was subject to substantial control by BISD's Board of Trustees; and

5.   As a result of BISD's violation of Title IX, Jane Doe 2 is awarded Judgment against BISD for compensatory damages in the amount of $2,700,000.00, plus attorney fees under 42

U.S.C. 1988 and other costs, plus prejudgment interest at a rate of 4.02% in the amount of $442,486.356, plus post-judgment interest to accrue at 4.02%.

It is further **ORDERED** that Plaintiff Jane Doe 1 and Plaintiff Jane Doe 2's claims against Defendant Brandon Louis Chillow[4] are hereby **SEVERED**[5] from the current actions (Cause No. 1:21-cv-00132 and Cause No. 1:21-cv-00190) and shall proceed as a separate action. The resulting new action should be assigned according to the regular practice for the allotment of newly filed civil actions.

**SIGNED this 20th day of May, 2025.**

_Michael J. Truncale_
Michael J. Truncale
United States District Judge

---

[4] According to the most recent complaints, Plaintiff Jane Doe 1 brings a § 1983 and an IIED claim against Defendant Chillow. *See* 1:21-cv-132, [Dkt. 203]. Plaintiff Jane Doe 2 brings § 1983, assault and battery, and IIED claims against Defendant Chillow. *See* 1:21-cv-190, [Dkt. 172].

[5] Federal Rule of Civil Procedure 21 allows the court to sever claims originally brought in the same action. The rule provides that "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21. The decision whether to sever is discretionary with the court. *Hammons v. Adams*, 786 F.2d 1253 (5th Cir. 1986).